RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/3/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES J. ALFRED, #14314-035 | DOCKET NO. 15-CV-2049; SEC. P |
| VERSUS | JUDGE DRELL |
| TIM SHIELDS, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint filed by Plaintiff Charles J. Alfred pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.</u>[1] Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary (USP) in Pollock, Louisiana. He names as defendants Tim Shields, Michael D. Carvajal, Crystal Zerr, and the United States of America. He complains that he has been denied equal protection under the Fifth Amendment and that the defendants have breached a contract with Plaintiff.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that the defendants have breached a contract with him. He claims to be a party to two contracts: (1) the Constitution and (2) his plea agreement executed on March 15, 2012.

---

[1]In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

[Doc. #1, p.6]. He also claims to be a beneficiary of a contract between the United States and the BOP. [Doc. #1, p.6]

Plaintiff alleges that he is a member of the Messianic faith, which was not recognized at USP-Pollock until 2012. [Doc. #1, p.7] At that time, the Messianites were afforded a one-hour Saturday time slot for Messianic worship at the chapel. Plaintiff claims this is insufficient because Messianites participate in Shabbat on Friday evenings, as well. [Doc. #1, p.8]

Plaintiff claims that Tim Shields has denied the Messianic Community funds set aside for religious groups, while funds are given to Christian and Muslim groups. He makes this conclusion based on the media available in the chapel. He states that DVDs, VHS tapes, and CDs are available for Christians and Muslims, but not for Messianics. Plaintiff does not identify what DVDs, VHS, and CDs he wants the USP-P to acquire, or whether any such items are even available.

Plaintiff complains that Carvajal and Zerr failed to investigate his grievances and respond to his emails regarding discrimination against the Messianites.

He complains that, on September 24, 2014, Defendant Zerr ordered the chapel closed indefinitely to all faith groups. However, on September 26, 2014, she allowed Muslims to use the chapel, but denied access to Messianites.

Finally, Plaintiff claims that during Passover, from April 4-

11, 2015, the meals were not served properly. According to the chaplain's response to Plaintiff's complaint, Kosher meals were not initially provided to USP-Pollock. However, once Religious Services became aware of the situation, they informed Food Services, and the meals were corrected. Inmates were provided with sealed trays to keep the food kosher while heating in the microwave.

### Law and Analysis

Plaintiff complains that the defendants have breached their contract with Plaintiff per his plea agreement and the Constitution. First, Plaintiff was not a party to the Constitution, and a violation of his constitutional rights does not raise a breach of contract claim. Next, none of the defendants were parties to Plaintiff's plea agreement, so they could not have breached that agreement.

Plaintiff complains that he was denied equal protection because Defendants provide DVDs, VHS tapes, and CDs of religious materials for Christians and Muslims, but not for Messianites; because the Messianites only have use of the chapel for one hour per week; because on September 26, 2014, a defendant allowed Muslims to use the chapel when it was "closed," but did not allow any other faith groups access; and because in 2015, Passover meals were not properly/timely served.

The Equal Protection Clause mandates that prison officials

cannot discriminate against particular religions. Prisons must afford an inmate of a minority religion "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam). However, prisons need not provide identical facilities or personnel to different faiths. See id. at 322 n. 2. It is clear that Plaintiff has been afforded a reasonable opportunity to practice his religion. Messianites have weekly access to the chapel, and he has been provided kosher meals and kosher for Passover meals.

As for the religious materials, the Fifth Circuit has held that there is "no constitutional or legal requirement that the government provide materials for every religion and sect practiced in this diverse country." Frank v. Terrell, 858 F.2d 1090 (5th Cir. 1988)(quoting Cruz v. Beto, 405 U.S. 319, 323, 92 S.Ct. 1079, 31 L.Ed .2d 263 (1972) (Burger, C.J., concurring)). Moreover, when Plaintiff complained in a grievance about the lack of materials available to Messianites, such as DVDs, CDs, etc., he made no specific request for relief. [Doc. #1, p.37] Although he complains that USP-Pollock will not provide him with certain physical materials, he does not suggest that he has been denied the opportunity to obtain such materials on his own.

As for the Passover meals being served untimely, the response

from the Chaplain indicates that USP-Pollock was not initially provided with the correct food. To establish discrimination under the Fifth Amendment, Plaintiff must plead and prove that the defendant acted with discriminatory purpose. See <u>Church of Lukumi Babalu Aye, Inc. v. Hialeah</u>, 508 U.S. 520, 540-541, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993) (First Amendment); <u>Washington v. Davis</u>, 426 U.S. 229, 240, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) (Fifth Amendment). Purposeful discrimination requires more than "intent as volition or intent as awareness of consequences." <u>Personnel Administrator of Mass. v. Feeney</u>, 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). It instead involves a decisionmaker's undertaking a course of action " 'because of,' not merely 'in spite of,' [the action's] adverse effects upon an identifiable group." <u>Id</u>. A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." <u>Taylor v. Johnson</u>, 257 F.3d 470, 473 (5th Cir. 2001), <u>quoting</u> <u>Lavernia v. Lynaugh</u>, 845 F.2d 493, 496 (5th Cir. 1988). Plaintiff has presented no allegation of purposeful or intentional discrimination.

Plaintiff's allegations regarding the one day where only Muslims were allowed access to the chapel do not state a claim for relief, as Plaintiff has not presented any non-conclusory allegations of discriminatory intent on the part of the defendants.

5

An inmate cannot base an equal protection claim solely on a personal belief that he has been a victim of discrimination. Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995). Specifically, vague and conclusory allegations are insufficient to support an equal protection claim. See Pedraza v. Meyer, 919 F.2d 317, 318 n. 1 (5th Cir. 1990). Plaintiff has not been denied the opportunity to observe the tenets of his religion, nor has be been discriminated against for his beliefs. He has not alleged an equal protection claim, nor can he establish a breach of contract claim.

Plaintiff complains that the defendants failed to properly investigate his grievance. However, an inmate has no constitutional right to a grievance procedure and has no due process liberty interest in having his grievance resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005).

Plaintiff also requests an immediate release from prison. Such relief is not available by way of a Bivens action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code."); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of habeas corpus").

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 3rd day of September, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE